**WILLIAM SCOTT**
Senior Trial Attorney
**PAUL C. ADAIR**
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
Plan Benefits Security Division
P.O. Box 1914
Washington, D.C.  20013
Phone:   (202) 693-5600
Fax:     (202) 693-5610
Email: adair-paul@dol.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ELAINE CHAO, Secretary of the
United States Department of Labor,

Plaintiff,

vs.

JAMES GRAF; WILLIAM R. KOKOTT;
NICHOLAS E. ANGELOS; EMPLOYERS
MUTUAL, LLC; AMERICAN
ASSOCIATION OF AGRICULTURE, LLC;
ASSOCIATION OF AUTOMOTIVE DEALERS
AND MECHANICS, LLC; ASSOCIATION
OF BARRISTERS AND LEGAL AIDS,
LLC; COMMUNICATION TRADE WORKERS
ASSOCIATION, LLC; CONSTRUCTION
TRADE WORKERS ASSOCIATION, LLC;
AMERICAN COALITION OF CONSUMERS,
LLC; ASSOCIATION OF
COSMETOLOGISTS, LLC; CULINARY
AND FOOD SERVICES WORKERS
ASSOCIATION, LLC; ASSOCIATION OF
EDUCATORS, LLC; ASSOCIATION OF
HEALTH CARE WORKERS, LLC;
NATIONAL ALLIANCE OF HOSPITALITY
AND INNKEEPERS, LLC; ASSOCIATION
OF MANUFACTURERS AND WHOLESALERS,
LLC; ASSOCIATION OF REAL ESTATE
AGENTS, LLC; ASSOCIATION OF
RETAIL SELLERS, LLC; NATIONAL
ASSOCIATION OF TRANSPORTATION

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV-N-01-0698-DWH-RAM

COMPLAINT
FOR ERISA VIOLATIONS



WORKERS, LLC; NATIONAL )
ASSOCIATION OF INDEPENDENT )
TRUCKERS, LLC; COLOMBIA HEALTH )
NETWORK; WESTERN HEALTH NETWORK; )
WRK INVESTMENTS; GRAF INVESTMENTS; )
KARI HANSON; ASSOCIATED AGENTS OF )
AMERICA, INC.; AMERICAN BENEFIT )
SOCIETY, INC.; and SIERRA )
ADMINISTRATION, INC.; )
 )
Defendants. )

Elaine Chao, Secretary of the United States Department of
Labor ("the Secretary"), alleges:

### JURISDICTION AND VENUE

1.   This action arises under Title I of ERISA, 29 U.S.C. §§
1001 et seq., as amended, and is brought by the Secretary to
obtain relief under ERISA §§ 409 and 502(a)(2) and (5), 29 U.S.C.
§§ 1109 and 1132(a)(2) and (5), to redress violations and enforce
the provisions of Title I of the Act.  Thus, this Court has
subject matter jurisdiction over this action pursuant to §
502(e)(1), 29 U.S.C. § 1132(e)(1), of the Employee Retirement
Income Security Act of 1974 ("ERISA" or "the Act").

2.   Venue with respect to this action lies in the Southern
District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. §
1132(e)(2).

### PARTIES

3.   Plaintiff Secretary of the United States Department of
Labor (the "Secretary"), pursuant to ERISA § 502(a)(2) and (5) of

2

the Act, 29 U.S.C. § 1132(a)(2) and (5), has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of fiduciary breach claims against fiduciaries and parties in interest.

4.    Defendant Employers Mutual, LLC ("Employers Mutual"), is a limited liability company organized on or about July 28, 2000, in the state of Nevada with its principal place of business in Carson City, Nevada.  Employers Mutual was originally named Anko, LLC, but changed its name on September 8, 2000.  Its address is 711 South Carson, Suite 4, Carson City, Nevada 89701.

5.    Defendants American Association of Agriculture, LLC, Association of Automotive Dealers and Mechanics, LLC, Association of Barristers and Legal Aids, LLC, Communication Trade Workers Association, LLC, Construction Trade Workers Association, LLC, American Coalition of Consumers, LLC, Association of Cosmetologists, LLC, Culinary and Food Services Workers Association, LLC, Association of Educators, LLC, Association of Health Care Workers, LLC, National Alliance of Hospitality and Innkeepers, LLC, Association of Manufacturers and Wholesalers, LLC, Association of Real Estate Agents, LLC, Association of Retail Sellers, LLC, National Association of Transportation Workers, LLC, and National Association of Independent Truckers, LLC (collectively, the "Associations") are limited liability companies organized in the state of Nevada with their principal

3

place of business in Carson City, Nevada. Their address is listed in the incorporation documents as 711 South Carson, Suite 4, Carson City, Nevada 89701.

6. Each Association has entered into an identically worded Association Health and Welfare Benefit Plan Trust Agreement ("Trust Agreements") with Employers Mutual. The Trust Agreements establish separate Trusts to fund the ERISA-covered health and welfare benefits provided to the members of the respective Associations. The Trust Agreements appoint Employers Mutual as Trustee with full power over the Trusts. Employers and individuals are recruited to join the Associations by which membership the employees are permitted to subscribe to the Associations' benefits. As of August 18, 2001, there were over 22,000 participants and beneficiaries in all 50 states and the District of Columbia, including California.

7. Each of the employers who subscribed to the benefit package individually established an employee welfare benefit plan pursuant to ERISA § 3(1), 29 U.S.C. § 1002(1). The contributions remitted to the Associations to fund the benefit programs are therefore employee benefit plan assets and must be managed in accordance with the fiduciary obligations set forth in ERISA §§ 403, 404, and 406, 29 U.S.C. §§ 1103, 1104, and 1106. Herein, the Secretary shall refer to any and all ERISA-covered plans as the "Employer Mutual Plans."

4

8.    Employers Mutual and each Association have been vested with and have exercised discretionary authority and control with respect to the management of the Employer Mutual Plans and the disposition of their assets and therefore are fiduciaries with respect to those Plans pursuant to ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii) and are parties in interest pursuant to ERISA § 3(14)(A) and (B), 29 U.S.C. § 1002(14)(A) and (B).

9.    Defendants William R. Kokott ("Kokott") and Nicholas E. Angelos ("Angelos") are the sole managing members of Employers Mutual and of each Association.  Kokott is Chairman and Defendant James Lee Graf ("Graf") is a Director of Employers Mutual. Kokott resides at 625 N. Evergreen, Burbank, CA 91505, Angelos resides at 4911 Lewis Road, Agoura Hills, CA 91301, and Graf resides at 29360 Vacation Drive, Canyon Lake, CA 92587.  The Trust Agreements were executed by Angelos on behalf on the Associations and by Kokott on behalf of Employers Mutual.

10.   During the relevant time period, Graf, Kokott, and Angelos, as officers and/or directors of Employers Mutual and the Associations and as owners of Employers Mutual and the Associations, have been vested with and have exercised discretionary authority and control with respect to the management of the Employer Mutual Plans and the disposition of their assets and therefore are fiduciaries with respect to the

5

Plans pursuant to ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii) and are parties in interest pursuant to ERISA § 3(14), (A), (B), and (H), 29 U.S.C. § 1002(14)(A), (B), and (H).

11. Defendants WRK Investments and Graf Investments are limited liability companies established by William Kokott that received monies out of the Trust accounts. Their place of business is Carson City, Nevada. WRK Investments and Graf Investments are parties in interest pursuant to ERISA § 3(14)(G), 29 U.S.C. § 1002(14)(G).

12. Defendant Colombia Health Network, Inc. ("Colombia") was incorporated on May 2, 2001 in the state of Nevada. Its address is purported to be 2533 N. Carson Street, Carson City, NV 89706. Defendant Kari Hanson, who is an employee of Employers Mutual and believed to be Graf's companion, is on record as Colombia's President, Secretary and Treasurer. Colombia entered into an agreement with Employers Mutual permitting the Employers Mutual Plans and their participants to have access to its alleged preferred provider network. Thus, Colombia is a party in interest pursuant to ERISA § 3(14)(B) and (G), 29 U.S.C. § 1002(14)(B) and (G). At all relevant times, Hanson has been either an officer, employee, consultant, or agent of Employers Mutual and Colombia and is therefore a party in interest within the meaning of ERISA § 3(14)(B) and (H), 29 U.S.C. § 1002(14)(B)

6

and (H).  Hanson also arranged to have Colombia paid for services never rendered, exercising discretionary authority and control with respect to the management of the Employer Mutual Plans and the disposition of their assets and therefore is a fiduciary with respect to the Plans pursuant to ERISA § 3(21)(A)(i) and (iii), 29 U.S.C. § 1002(21)(A)(i) and (iii) and a party in interest pursuant to ERISA  § 3(14), (A), (B), and (H), 29 U.S.C. § 1002(14)(A),  (B), and (H).

13.  Defendant Western Health Network ("Western") is a limited liability company established by William Kokott at Resident Agents of Nevada, Inc. that purports to be a preferred provider network.  The Associations and/or Employers Mutual have entered into agreements with Western to participate in its network.  Accordingly, Western is a party in interest pursuant to ERISA § 3(14)(B) and (G), 29 U.S.C. § 1002(14)(B) and (G).  Kokott as an officer or director of Western is a party in interest pursuant to ERISA § 3(14)(H), 29 U.S.C. § 1002(14)(H).

14.  Defendants Associated Agents of America, Inc. and American Benefit Society, Inc. have entered "Producer Agreements" with the Associations, which agreements permit Associated Agents and American Benefit Society to market the Employers Mutual Plans.  Accordingly, Associated Agents and American Benefit Society are parties in interest pursuant to ERISA § 3(14)(B), 29 U.S.C. § 1002(14)(B).

7

15.   Rule 19(a)(1) Defendant Sierra Administration, Inc.
served as third party administrator and claims adjuster for the
Employers Mutual Plans until October 3, 2001.  Accordingly,
Sierra Administration was a party in interest pursuant to ERISA §
3(14)(B), 29 U.S.C. § 1002(14)(B).

FACTUAL ALLEGATIONS

16.   Graf, Kokott, and Angelos are jeopardizing the security
of benefits promised to employees by depleting the assets of the
Trusts.  The continued operation of Employers Mutual, the
Associations and the Trusts in their present form and under the
administration of Defendants poses a substantial threat of
irreparable injury to the Employer Mutual Plans' participants.

17.   Out of the over $14 million in contributions collected
by the Associations between January and October 2001, less than
$3 million has been used to pay claims.  Defendants Graf, Kokott,
and Angelos have expended over $6 million for administrative
fees, a large portion of which was diverted to themselves and
companies they own.  In order to promote the program and recruit
members quickly, Graf, Kokott, and Angelos established
insufficient contribution rates.  They then misrepresented that
the program was insured.  The combination of the actuarially
unsound contribution rates and Defendants' graft doomed the
program from inception.

8

18. Because the Defendants never acquired insurance coverage (despite representations to the contrary), the Employer Mutual Plans are self-funded and, thus, depend entirely on employer and employee contributions.

19. The Trust Agreements provide that, as Trustee, Employers Mutual is to establish a Medical Claims Account and an Operations Account for each Association Plan and that the Medical Claims Account is to serve as the Plan's Trust. The Agreement also requires Employers Mutual to allocate 75% of the contributions to the Medical Claims Account and the remaining 25% to the Operations Account. All of these monies are plan assets. The Agreement further provides that any funds deposited into the Medical Claims Account not used to pay benefits within the Plan year are to be paid to Employers Mutual as "additional compensation."

20. Defendants Graf, Kokott, and Angelos have delayed the processing of claims and/or denied valid claims outright, thereby retaining funds in the Medical Claims Accounts. Approximately $4.5 million in claims had not been paid as of December 3, 2001.

21. As officers and/or directors of both Employers Mutual and the Associations, Kokott and Angelos caused Employers Mutual and the Associations to enter into contracts with Defendants Western Health Network and Colombia Health Network. The contracts purport to permit the Associations to participate in

9

Western Health Network and Colombia Health Network's provider networks.  Western Health Network received over $200,000 and Colombia Health Network received over $800,000 from the Plans.

22.   Defendants WRK Investments and Graf Investments were paid $187,000 and $132,000 respectively out of plan assets.

23.   Kokott and Angelos also received $9,000 and $25,000 respectively in direct payments.  Graf and Hanson have received $83,000 and $108,000 respectively in direct payments.

24.   The States of Florida, Texas, Colorado, Oklahoma and Utah have ordered Employers Mutual, the Associations, and their agents to cease marketing the program in their respective states.

### COUNT ONE

(Graf, Kokott, Angelos, and Hanson Have Engaged In Self-Dealing With Plan Assets in violation of ERISA §§ 406(a)(1)(C) and (D), and §§ 406(b)(1), (2) and (3), 29 U.S.C. §§ 1106(a)(1)(C) and (D), 29 U.S.C. §§ 1106(b)(1), (2) and (3))

Paragraphs 1 through 24 are realleged and incorporated herein by reference.

25.   Defendants Graf, Kokott, Angelos, and Hanson have diverted and continue to divert employer and employee premium payments for health benefits to their personal accounts.  Pursuant to the Association Agreements, which were drafted by Graf, Kokott, and Angelos, management and control of the Associations are vested in Employers Mutual and not in the employers or the association members.  Consequently, Graf,

10

Kokott, and Angelos are siphoning off funds absent external oversight, control or approval and without regard to the solvency of the Plans or the reasonable value of their services.  Between March and September 2001, Graf, Kokott, and Angelos diverted over $2.5 million from the Trusts to their own accounts.

26.  Kokott and Angelos have exercised their discretionary authority in the management and administration of the Employer Mutual Plans and their assets to contract for services with WRK investments and Graf Investments.  Neither of these entities provided services that were necessary for the operation of the Plans and, because no services were provided, they were provided for more than reasonable compensation in violation of ERISA § 406(a)(1)(C), 29 U.S.C. § 1106(a)(1)(C), which prohibits fiduciaries from, directly or indirectly, furnishing goods or services to a plan.  Graf, Kokott, and Angelos also caused the Plans to contract with Colombia and Western.  Because these entities are owned and/or controlled by parties in interests who knowingly participated in the transaction, these agreements for services constituted transactions that they knew or should have known constituted the furnishing of services by, and the transfer to, or use of plan assets by parties in interest in violation of ERISA § 406(a)(1)(C) and (D), 29 U.S.C. § 1106(a)(1)(C) and (D).  Hanson either submitted false billing records for Colombia or simply arranged to have Colombia paid for services never

11

rendered. Because the services were not necessary for the operation of the Plans and because the service providers received more than reasonable compensation, the exemption afforded by ERISA § 408(b)(2), 29 U.S.C. § 1108(b)(2), does not apply.

27.  By setting their own compensation and determining their own expenses from plan assets, and by using their discretionary authority and control to cause the Associations and Employers Mutual to enter into agreements with each other and with Colombia and Western, Graf, Kokott, Angelos, and Hanson (as fiduciaries with financial interests in the service providers), have dealt with the assets of the Employer Mutual Plans in their own interest and for their own account in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1), acted on behalf of parties whose interests are adverse to the interests of the plans and adverse to the interests of the plans' participants and beneficiaries in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), and received consideration for their own personal account from a party dealing with a transaction involving plan assets in violation of ERISA § 406(b)(3), 29 U.S.C. § 1106(b)(3).

28.  As a result of engaging transactions prohibited by ERISA as described in this Count, Graf, Kokott, Angelos, and Hanson have caused the Plans to suffer financial loss, for which they are jointly and severally liable pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a).  The party in interest Defendants (Colombia

12

Health Network, Western Health Network, WRK Investments, Graf Investments, Associated Agents of America and American Benefit) are liable for undoing the prohibited transactions in which they knowingly participated and restoring to the Plans all sums received by them in excess of reasonable compensation.

COUNT TWO

(Defendants Kokott, Angelos and Graf Have Failed To Discharge Their Obligations As Fiduciaries With The Loyalty, Care, Skill, And Prudence Required By ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B))

Paragraphs 1 through 24 are realleged and incorporated herein by reference.

29. Defendants Graf, Kokott, and Angelos have failed to discharge their duties solely in the interests of the participants in the Plans and their beneficiaries and for the exclusive purpose of providing benefits and defraying reasonable expenses of administration, and failed to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(A) and (B), 29 U.S.C. § 1104(a)(1)(A) and (B), by, among other things:

a. failing to manage and operate the Associations and Plans in a manner sufficient to sustain them as ongoing concerns;

13

b.  failing to establish actuarially sound contribution rates in relation to the benefits being promised or, alternatively, obtaining insurance coverage;

c.  failing to safeguard the Plans from misappropriation of its assets and failure to ensure that sufficient assets would be available to pay promised benefits;

d.  expending contributions made by employers and individuals on unnecessary or unreasonable services and expenses;

e.  causing the Trusts to pay more than reasonable compensation to service providers;

f.  failing to monitor and terminate the improper service agreements with Colombia, Western, WRK Investments and Graf Investments;

g.  causing the Associations to contract with Associated Agents and American Benefit Society to sell the benefit programs;

h.  providing that excess contributions would be paid to Employers Mutual as additional compensation; and

i.  allowing $4.5 million in unpaid claims to accumulate.

30.  As a result of breaching their fiduciary obligations in the manner described in this Count, Graf, Kokott, and Angelos have caused the Plans to suffer financial loss, for which they

14

are jointly and severally liable pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a). The party in interest Defendants who knowingly participated in the breaches of duty are liable for restoring to the Plans all sums they received by and through said participation.

COUNT THREE

(Payment Of Excessive Compensation To Parties In Interest In Violation of ERISA § 406(a)(1)(C) and (D), 29 U.S.C. §§ 1106(a)(1)(C) and (D))

Paragraphs 1 through are 24 realleged and incorporated herein by reference.

31. Graf, Angelos and Kokott as fiduciaries caused the Associations and/or Employers Mutual to contract with Colombia, Associated Agents, American Benefit Society, Western, WRK Investments, Graf Investments, and Defendant Kari Hanson, all parties in interest with respect to the Plans, for the furnishing of services when they knew or should have known that the provision of such services was for sums in excess of reasonable compensation for the services provided or were not necessary for the administration of the Plans and constituted the transfer to, or use by or for the benefit of, parties in interest, of the assets of the Plans in violation of ERISA § 406(a)(1)(C) and (D), 29 U.S.C. § 1106(a)(1)(C) and (D). Because the payments for any services actually rendered exceeded reasonable compensation for

15

such services, the exemption provided by § 408(b)(2), 29 U.S.C. §
1108(b)(2) is inapplicable.

32.  As a result of engaging in the transactions prohibited
by ERISA described in this Count, Graf, Kokott, and Angelos have
caused the Plans to suffer financial loss, for which they are
jointly and severally liable pursuant to ERISA § 409(a), 29
U.S.C. § 1109(a).  The party in interest Defendants who knowingly
participated in the breaches of duty are liable for restoring to
the Plans all sums they received by and through said
participation.

COUNT FOUR

> (Defendant Fiduciaries Are Liable For Their Co-fiduciaries'
> Violations Of ERISA Pursuant To ERISA § 405(a)(1), (2) and
> (3), 29 U.S.C. § 1105(a)(1), (2) and (3))

Paragraphs 1 through 24 are realleged and incorporated
herein by reference.

33.  Graf, Kokott, Angelos, and Hanson knowingly
participated in certain of the fiduciary violations described in
the preceding paragraphs.  Moreover, by their failure to comply
with ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), Graf, Kokott,
Angelos, and Hanson enabled their co-fiduciaries to commit the
violations of ERISA described above and failed to make reasonable
efforts to remedy the violations despite knowledge of the
violations.  Consequently, Graf, Kokott, Angelos, and Hanson
enabled the fiduciary breaches set forth in this Complaint and,

16

therefore, are liable for such fiduciary breaches pursuant to ERISA § 405(a)(1), (2) and (3), 29 U.S.C. § 1105(a)(1), (2) and (3).

## RELIEF

WHEREFORE, the Secretary prays that this Court:

1.  Remove all Defendants from any positions as fiduciaries or service providers that they currently hold with respect to the Associations and the Employer Mutual Plans and, except as expressly stated below, preliminarily and permanently enjoin them from exercising, or attempting to exercise, directly or indirectly, any discretionary authority or control with respect to the management or administration of the Plans or any other employee benefit plan subject to the coverage of ERISA, and bar them from providing any services, directly or indirectly, for compensation or otherwise to any such plan;

2.  Appoint an Independent Fiduciary pendente lite with plenary authority and control with respect to the management or administration of Employers Mutual, the Associations and the Trusts, and with authority and control with respect to the management or disposition of the assets of the Employer Mutual Plans, including authority over all bank accounts containing plan assets, with plenary authority or control over any money paid to the Associations or Employers Mutual or any of their agents for health benefits or other employee benefits and with authority to

17

determine whether the benefit program is a viable concern and, if not, to terminate it, marshall its assets, implement an orderly plan of liquidation and distribute benefits to participants and beneficiaries, and authority to pursue all legitimate claims the Plans may have against third parties, except those claims against third parties which the Secretary is prosecuting in this action;

3.   Enjoin all Defendants from coercing, intimidating, interfering with or attempting to coerce, intimidate, or interfere with the Independent Fiduciary or with the agents, employees or representatives of the Independent Fiduciary;

4.   Require all Defendants to cooperate fully with the Independent Fiduciary or his successors, and with the agents, employees or representatives of the Independent Fiduciary and to deliver or otherwise make available to the Independent Fiduciary all books, records, bank accounts, and documents of every nature relating in any manner to the management and operation of the Plans;

5.   Order Graf, Kokott, Angelos, and Hanson, who are the fiduciaries, to restore to the plans all losses resulting from their breaches of fiduciary duties, during their respective tenures, plus interest;

6.   Order Colombia Health Network, Western Health Network, WRK Investments, Graf Investments, Kari Hanson, Associated Agents of America and American Benefit, who are parties in interest to

18

the Plans, to restore to the Plans those amounts that they
received by knowingly participating in the fiduciary breaches or
prohibited transactions, plus interest;

7.   Correct the prohibited transactions alleged in the
Complaint in such manner as will best serve the interests of the
participants and beneficiaries, including restoration to the
Plans of all excessive compensation and unjust enrichment
received by parties in interest, along with lost opportunity
costs;

8.   Enjoin Graf, Kokott, Angelos, and Hanson from receiving,
either directly or indirectly, compensation from any employee
benefit plan subject to ERISA, except for benefit payments due to
them under the terms of an employee benefit plan provided by an
employer for whom they have provided services unrelated to the
operation or management of the plan;

9.   Order the Defendants, their agents, employees, service
providers, banks, accountants, and attorneys to provide the
Secretary and independent fiduciary with all of the books,
documents, and records relating to the finances and
administration of Employers Mutual, the Associations and the
Plans, and order the Defendants to make an accounting to the
Secretary and the independent fiduciary of the participants and
beneficiaries of the plans, and of all transfers, payments, or

19

expenses incurred or paid in connection with the plans and
contributions to the plans;

   10.   Order Sierra Administration to cooperate fully with the
Independent Fiduciary and make available upon demand all books,
records, data, claims files, financial records and other
documents within its possession or under its control which
relate, directly or indirectly, to the Plans, their
administration or its assets;

   11.   Order Graf, Kokott, Angelos, and Hanson to disgorge any
funds which they have obtained in violation of ERISA's fiduciary
duties as alleged in this Complaint;

   12.   Order the Defendants to post a bond or other security
in an amount adequate to secure the participants and
beneficiaries of the Plans against any past or future losses
resulting from their fiduciary misconduct or participation in
transactions prohibited by ERISA;

   13.   Freeze all assets of the Associations, the Trusts,
Employers Mutual, Graf, Kokott, Angelos, and Hanson, and enjoin
these Defendants and their agents, employees, service providers,
depositories, banks, accountants, attorneys, and any other party
acting in concert with them, on their behalf or at their
direction from expending, transferring, hypothecating, secreting,
or otherwise disposing of any of their assets, except as
authorized by this Court or its duly appointed Independent

Fiduciary, until such time as they have provided all of the relief requested above;

    14.  Award the Secretary the costs of this action; and

    15.  Provide such further relief as may be equitable and just under the circumstances.

Dated:    December 11, 2001

                For the Secretary:

                TIMOTHY D. HAUSER
                Associate Solicitor
                Plan Benefits Security Division

                WILLIAM SCOTT
                Senior Trial Attorney

                PAUL C. ADAIR
                Trial Attorney
                U.S. Department of Labor
                Office of the Solicitor
                Plan Benefits Security Division
                P.O. Box 1914
                Washington, D.C. 20013
                Phone:  (202) 693-5621
                Fax:    (202) 693-5610